IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 08-376 |
| | ) | |
| ONDARYLE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

CONTI, Senior District Judge.

## I. Introduction

Pending before the court is a motion to modify conditions of bond filed by defendant Ondaryle Smith ("defendant"). (ECF No. 2085.) Defendant is currently before this court on allegations that he violated conditions of the term of his supervised release. The allegations are based largely upon charges filed against defendant by the Allegheny County Police Department for simple assault, terroristic threats, resisting arrest, and public intoxication. This court held a supervised release hearing with respect to the violations alleged in this federal case and continued the hearing for the resolution of the underlying state charges. As of the date of the supervised release hearing in this case, the court was informed that the preliminary hearing on the state charges was scheduled for January 16, 2020. The court ordered that defendant was to remain incarcerated pending the resolution of the state case and the alleged violations of the conditions of supervised release in this federal case.

According to defendant's counsel, however, defendant will not appear for a preliminary hearing in state count until March 19, 2020. (ECF No. 2085 ¶ 9.) Defendant, therefore, requests that he be released on bond with conditions imposed in accordance with the Bail Reform Act, 18

U.S.C. § 3141 et seq. For the reasons set forth in this opinion, there are no conditions that will ensure the safety of the community if defendant is released on bond pending the resolution of the alleged violations of his supervised release in this federal case. Defendant's motion (ECF No. 2085) will, therefore, be denied.

II.     **Procedural Background**

On November 15, 2010, defendant pleaded guilty to conspiracy to posses with intent to distribute 5 grams or more of cocaine on or about August 22, 2011, in violation of 18 U.S.C. § 846. (ECF No. 1332.) On August 22, 2011, this court sentenced defendant to a term of imprisonment of 120 months and a term of supervised release of 60 months. (ECF No. 1551.) The court imposed upon defendant conditions of supervised release including, but not limited to, the following conditions: (1) "The defendant shall not commit another federal, state, or local crime[;]" and (2) "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance." (Id. at 3.) Defendant served his term of imprisonment and began to serve his term of supervised release.

On at least three separate occasions, the probation officer in this case filed petitions seeking defendant's arrest for violating conditions of his supervised release, based, in part, on defendant engaging in domestic violence. (ECF No. 1798 (the "first petition"); ECF No. 1980 (the "second petition"); ECF Nos. 2073 and 2077 (the "third petitions").) In 2014, the probation officer alleged that defendant, among other things, was arrested for simple assault for engaging in a domestic altercation with his girlfriend. (ECF No. 1798.) The court found defendant violated conditions of his supervised release by failing to report contact with law enforcement, illegally using drugs, failing to submit monthly reports, and committing state crimes of driving under suspension and disorderly conduct. (ECF No. 1903.) Defendant's term of supervised release was

revoked and he was sentenced to a term of imprisonment of 24 months and a term of supervised release of 36 months. (ECF No. 1903.)

In 2017, the probation officer filed the second petition against defendant alleging that defendant violating the conditions of his supervised release by: (1) committing another federal, state, or local crime; and (2) possessing and using cocaine and marijuana. (ECF No. 1980.) The court issued a warrant for defendant's arrest. (ECF No. 1982.) The court at a supervised release hearing heard testimony about a domestic dispute between defendant and his (new) girlfriend in support of the probation officer's allegations that the girlfriend reported to police that defendant "smashed her head off a table, punched her several times, choked, and stomped on her chest." (ECF No. 1980 at 1.) The court based upon the testimony presented by the government, found defendant committed a Grade A (committing another federal, state, or local crime) and Grade B (unlawfully possessing and using cocaine and marijuana) violations of the conditions of his supervised release. (ECF Nos. 1994.) The court revoked defendant's term of supervised release and sentenced him to: (1) a term of imprisonment of 12 months and 1 day; and (2) a term of supervised release of 24 months, with the first 6 months to be served at a community confinement center. (ECF No. 1994 at 2-3.)

Currently pending before this court are allegations that defendant committed another federal, state, or local crime by: (1) engaging in domestic violence with his girlfriend, during which he "allegedly grabbed her hair and dragged her on the porch" and fled the scene; and (2) intimidating his girlfriend by calling her from jail and giving her "specific instructions regarding what she needs to say to the Court so that the blame could be placed on her for the incident." (ECF Nos. 2073, 2077.) According to the probation officer, defendant was charged with the following crimes as a result of the alleged domestic violence incident with his girlfriend: simple

3

assault, terroristic threats, and resisting arrest. The violations alleged by the probation office are Grade A violations, pursuant to U.S.S.G. § 7B1.1(b). If the court finds defendant committed a Grade A violation, he will be subject to a statutory maximum term of imprisonment of 36 months, 18 U.S.C. § 3583(e)(3), and a guideline term of imprisonment of 33 months to 41 months, U.S.S.G. § 7B1.4(a). On January 15, 2020, this court held a supervised release hearing during which the government presented two witnesses and entered six exhibits into evidence, including recordings of the telephone calls between defendant and his girlfriend from the Allegheny County Jail. The court continued the hearing and ordered defendant continued to be detained until the underlying state charges are resolved.

On February 10, 2020, defendant filed the motion to modify conditions of bond (ECF No. 2085) informing the court that defendant's preliminary hearing on the state charges was continued until March 19, 2020, and requesting that defendant be released on bond into the custody of his mother, Michelle Smith, pending the resolution of the state case and the instant federal case. (Id.) The government filed a response in opposition to the motion arguing that defendant should continue to be detained because he is a flight risk and a danger to the community. (ECF No. 2086.) Defendant's motion is now ripe to be decided by the court.

### III. Discussion

#### A. Applicable Law

The structured system of the Bail Reform Act, 18 U.S.C. § 3141 et seq., regarding the release or detention of a defendant seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. When a defendant files a motion for bond while awaiting a hearing on a violation of supervised release,

the court must follow § 3143(a) of the Bail Reform Act. One treatise has succinctly explained the applicable standards as follows:

> Rule 46(d) addresses release from custody pending a hearing on a violation of probation or supervised release. This rule provides that Rule 32.1(a)(6) governs such a hearing. Rule 32.1(a)(6), in turn, provides that the magistrate judge release or detain the person under 18 U.S.C.A. § 3143(a), the provision addressing release or detention pending sentencing. That places the burden on the defendant to show that he will not flee or pose a danger pending a hearing on the revocation of probation of supervised release.

3B CHARLES ALAN WRIGHT & PETER J. HENNING, FEDERAL PRACTICE AND PROCEDURE § 771 (4th ed. 2013); see also United States v. Loya, 23 F.3d 1529, 1531 (9th Cir. 1994) ("[W]e hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.").

Section 3143(a)(1) creates a rebuttable presumption in favor of detention. United States v. Smith, 34 F. Supp. 3d 541, 544 (W.D. Pa. 2014). A defendant may overcome the presumption by presenting "clear and convincing evidence that…[he] is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1). Section 3142(b) addresses the release of a defendant "on personal recognizance or unsecured appearance bond" and § 3142(c) addresses the release of a defendant "on conditions." 18 U.S.C. § 3142(b) and (c).

### B. Evidence Adduced

Here, defendant's request for release pending the continued supervised release hearing in this case must be denied because defendant did not produce any evidence—let alone clear and convincing evidence—to prove that he is not a risk of flight or a danger to the community. In his motion, he asserts that upon release he may reside with his mother. The contents of his motion, however, are not clear and convincing evidence that he does not pose a risk of flight or a danger

to the community if he is released from imprisonment. Defendant is facing serious violations in this court; indeed, if the court finds he committed a Grade A violation of the conditions of his supervised release, the low end of the guideline range for a term of imprisonment is 36 months, notwithstanding any sentence imposed if he is found guilty of the underlying state-court charges. While defendant has received mental health and domestic violence treatment, this is the third time he is appearing before this court with serious state-court charges of domestic violence. Defendant's criminal history shows that not only is he likely to commit new crimes while on supervised release, but that he poses a danger to the community, including persons with whom he is in a romantic relationship. The court also has serious concerns about the allegations asserted against defendant and the evidence presented at the hearing held on January 15, 2020, in support of those allegations about defendant's intimidation of his girlfriend via the telephone call from the Allegheny County Jail. This is the second time defendant has been accused of domestic violence with this same girlfriend; indeed, the court previously found defendant engaged in domestic violence with his girlfriend and revoked his term of supervised release. The court was also presented evidence that after the latest alleged domestic violence incident with his girlfriend, defendant fled from the residence and law enforcement was required to search for him to effectuate his arrest. Based upon the foregoing, defendant did not rebut the presumption of detention set forth in § 3143(a), and the evidence presented before the court shows that defendant is flight risk and a danger to the community who should be detained pending the resolution of the pending violations.

**IV.     Conclusion**

Defendant failed to present any evidence to rebut the presumption of detention in this case. If defendant is released pending the continued supervised release hearing in this case and placed into the custody of his mother, the court is not convinced that he will follow the conditions of

supervised release imposed by this court and abide by applicable federal, state, and local laws.

Under those circumstances, defendant's motion to modify conditions of bond will be denied.

    An appropriate order follows.


Dated: February 26, 2020          <u>/s/ Joy Flowers Conti</u>
                                           Joy Flowers Conti
                                           Senior United States District Judge