IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No.   08-376 |
| | ) | |
| ONDARYLE SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.   Introduction**

Pending before the court is the Emergency Motion for Release Pending Resolution of Supervised Release Violation Hearing in Light of the COVID-19 Pandemic filed by defendant Ondaryle Smith ("Smith"). (ECF No. 2090.) Smith requests that the court release him from the Allegheny County Jail ("ACJ") due to the health concerns presented by the COVID-19 pandemic. (Id.) Smith argues that he is particularly vulnerable because he suffers from asthma and high blood pressure. Smith contends that his ability to communicate with his attorney has been affected by the implementation of social distancing. Smith argues that these circumstances warrant his release pursuant to 18 U.S.C. § 3145(c). (Id.) The government filed a response in opposition to Smith's request to be released from the ACJ. (ECF No. 2092.) Smith requests that the motion be decided on the papers without a hearing.[1] For the reasons that follow, Smith's motion will be denied.

---

[1] In light of the COVID-19 pandemic and because the government did not object, the court grants Smith's request for his emergency motion to be decided on the papers.

**II.     Procedural Background**

On November 15, 2010, Smith pleaded guilty to conspiracy to possess with intent to distribute 5 grams or more of cocaine on or about August 22, 2011, in violation of 18 U.S.C. § 846. (ECF No. 1332.) On August 22, 2011, this court sentenced Smith to a term of imprisonment of 120 months and a term of supervised release of 60 months. (ECF No. 1551.) The court imposed upon Smith conditions of supervised release including, but not limited to, the following: (1) "The defendant shall not commit another federal, state, or local crime[;]" and (2) "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance." (Id. at 3.) Smith served his term of imprisonment and began to serve his term of supervised release.

On at least three separate occasions, the probation officer in this case filed petitions seeking Smith's arrest for violating conditions of his supervised release, based, in part, on Smith engaging in domestic violence. (ECF No. 1798 (the "first petition"); ECF No. 1980 (the "second petition"); ECF Nos. 2073 and 2077 (the "third petition").) In 2014, the probation officer alleged that Smith, among other things, was arrested for simple assault for engaging in a domestic altercation with his girlfriend. (ECF No. 1798.) That asserted violation was not pursued because the assault charge was dismissed in state court. The court found that Smith violated conditions of his supervised release by failing to report contact with law enforcement, illegally using drugs, failing to submit monthly reports, and committing state crimes of driving under suspension and disorderly conduct. (ECF No. 1903.) Smith's term of supervised release was revoked and he was sentenced to a term of imprisonment of 24 months and a term of supervised release of 36 months. (ECF No. 1903.)

In 2017, the probation officer filed the second petition against Smith alleging that he violated the conditions of his supervised release by: (1) committing another federal, state, or local crime; and (2) possessing and using cocaine and marijuana. (ECF No. 1980.) The court issued a warrant for Smith's arrest. (ECF No. 1982.) The court at a supervised release hearing heard testimony about a domestic dispute between Smith and his (new) girlfriend in support of the probation officer's allegations that the girlfriend reported to police that Smith "smashed her head off a table, punched her several times, choked, and stomped on her chest." (ECF No. 1980 at 1.) The court found that Smith committed a Grade A (committing another federal, state, or local crime) and a Grade B (unlawfully possessing and using cocaine and marijuana) violation of the conditions of his supervised release. (ECF Nos. 1994.) The court revoked Smith's term of supervised release and sentenced him to: (1) a term of imprisonment of 12 months and 1 day; and (2) a term of supervised release of 24 months, with the first 6 months to be served at a community confinement center. (ECF No. 1994 at 2-3.)

Currently pending before this court are allegations that Smith committed another federal, state, or local crime by: (1) engaging in domestic violence with his girlfriend, during which he "allegedly grabbed her hair and dragged her on the porch" and fled the scene; and (2) intimidating his girlfriend by calling her from jail and giving her "specific instructions regarding what she needs to say to the Court so that the blame could be placed on her for the incident." (ECF Nos. 2073, 2077.) According to the probation officer, Smith was charged with the following crimes as a result of the alleged domestic violence incident with his girlfriend: simple assault, terroristic threats, and resisting arrest. The violations alleged by the probation office are Grade A violations, pursuant to U.S.S.G. § 7B1.1(b). If the court finds that Smith committed a Grade A violation, he will be subject to a statutory maximum term of imprisonment of 36

months, 18 U.S.C. § 3583(e)(3), and a guideline term of imprisonment of 33 months to 36 months, U.S.S.G. § 7B1.4(a). The high end of the guidelines would have been 41 months, but "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(a).  On January 15, 2020, this court held a supervised release hearing during which the government presented two witnesses and entered six exhibits into evidence, including recordings of the telephone calls between Smith and his girlfriend from the ACJ. At Smith's request, the court continued the hearing and ordered that Smith be detained until the underlying state charges are resolved.

On February 10, 2020, Smith filed a motion to modify conditions of bond requesting that he be released pending the resolution of the state case and the instant federal case. (ECF No. 2085.) The government filed a response opposing Smith's request for release. (ECF No. 2086.) The court found that Smith posed both a flight risk and a danger to the community, and therefore did not satisfy the conditions for release set forth in 18 U.S.C. § 3143(a)(1). (ECF No. 2088.) The court ordered Smith detained pending the resolution of the alleged violations of supervised release. (ECF No. 2089.)

Now before the court is Smith's Emergency Motion for Release Pending Resolution of Supervised Release Violation Hearing in Light of the COVID-19 Pandemic. (ECF No. 2090.) Smith argues that circumstances have changed since the court denied his previous motion for release on bond due to the COVID-19 pandemic. Specifically, Smith contends that he is at greater risk of contracting COVID-19 at the ACJ than if released on home confinement. Smith argues that he is particularly vulnerable because he suffers from high blood pressure and asthma. (Id. at 4.) In addition, Smith's counsel is working remotely and practicing social distancing,

which includes not visiting Smith at the ACJ. (Id. at 9.) Defense counsel questions the ACJ's ability to accommodate confidential attorney-client telephone calls. (Id.) Smith argues that these changed circumstances constitute exceptional reasons warranting release pursuant to the Bail Reform Act, 18 U.S.C. § 3145(c). (Id. at 7-9.)

### III.     Discussion

The structured system of the Bail Reform Act, 18 U.S.C. § 3141 et seq., regarding the release or detention of a defendant seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered. When a defendant files a motion for bond while awaiting a hearing on a violation of supervised release, the court must follow § 3143(a) of the Bail Reform Act. One treatise has succinctly explained the applicable standards as follows:

> Rule 46(d) addresses release from custody pending a hearing on a violation of probation or supervised release. This rule provides that Rule 32.1(a)(6) governs such a hearing. Rule 32.1(a)(6), in turn, provides that the magistrate judge release or detain the person under 18 U.S.C.A. §3143(a), the provision addressing release or detention pending sentencing. That places the burden on the defendant to show that he will not flee or pose a danger pending a hearing on the revocation of probation of supervised release.

3B Charles Alan Wright & Peter J. Henning, Federal Practice and Procedure § 771 (4th ed. 2013); see United States v. Loya, 23 F.3d 1529, 1531 (9th Cir. 1994) ("[W]e hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set forth in 18 U.S.C. § 3143.").

Section 3143(a)(1) creates a rebuttable presumption in favor of detention. United States v. Smith, 34 F. Supp. 3d 541, 544 (W.D. Pa. 2014). A defendant may overcome the presumption by presenting clear and convincing evidence that … [he] is not likely to flee or pose a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3143(a)(1).

The Bail Reform Act does provide a safety valve of sorts for defendants subject to mandatory detention pending sentencing. Section 3145(c) states:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). [2] To be eligible for release under § 3145(c), a defendant must: (1) "meet[] the conditions of release set forth in section 3143(a)(1)[;]" and (2) make a clear showing "that there are exceptional reasons why [his] detention would not be appropriate." Id. In the context of § 3145(c), "'exceptional requires something out of the ordinary to distinguish the defendant's case from those of [other defendants] subject to mandatory detention.'" Smith, 34 F. Supp. 3d at 553. (quoting United States v. Salome, 870 F. Supp. 648, 653 (W.D. Pa. 1994)). "Most courts have defined exceptional under § 3145(c) as clearly out of the ordinary, uncommon, or rare." Id. (citations omitted). "The burden is on [the] [d]efendant to show by clear and convincing evidence why [his] detention would not be appropriate based on exceptional reasons." Id. at 553.

At the outset, the pertinent provision of § 3145(c) expressly applies only to individuals subject to detention under §3143(a)(2) or (b)(2). As set forth in this court's prior ruling on Smith's motion for release on bond (ECF No. 2088), Smith is currently detained under

---

[2] "[T]he Third Circuit Court of Appeals has not addressed whether a district court has the discretionary authority to apply 18 U.S.C. § 3145(c) and courts in this District have reached conflicting determinations on the issue." United States v. Porter, Crim. No. 18-68, 2020 WL 1061512, at *2 (W.D. Pa. Mar. 5, 2020). The minority view on this issue is that "the overall structure of §3145 does not authorize the district court to release a defendant for exceptional reasons because the statute is applicable only on appeals from release or detention orders." Id. (citing United States v. Salome, 870 F. Supp. 648, 652-53 (W.D. Pa. 1994)). The majority view on this issue is that, based on the plain meaning of the statute, legislative history, the weight of appellate and district court of authority, and pragmatic considerations, "the district court has discretionary authority under § 3145(c) to determine whether exceptional reasons exist to release a defendant from custody pending sentencing." Id. at *3 (citing United States v. Smith, 34 F. Supp. 3d 541, 547-52 (W.D. Pa. 2014)). Though Smith argues for relief pursuant to § 3145(c), that provision does not apply to persons detained under § 3143(a)(1). This court, therefore, need not decide whether it has the authority to apply § 3145(c).

§3143(a)(1). Therefore, § 3145(c) does not apply in this case. See United States v. Morris, No. 3:19-CR-573-B, 2020 WL 1694301, at *3 n.2 (N.D. Tex. April 6, 2020) (explaining that § 3145(c) did not apply to a defendant detained under § 3143(a)(1)).

Even if § 3145(c) did apply in the instant case, Smith has not satisfied either of the conditions required under that provision. First, Smith has not met the conditions of release set forth in § 3143(a)(1). This court has already determined that Smith is both a flight risk and a danger to the community. The court's evaluation of Smith's eligibility for release under §3143(a)(1), set forth in its opinion issued on February 26, 2020 (ECF No. 2088 at 5-6.), is incorporated herein. Smith is facing serious violations in this court; if the court finds he committed a Grade A violation of the conditions of his supervised release, the low end of the guideline range for a term of imprisonment is 36 months, notwithstanding any sentence imposed if he is found guilty of the underlying state-court charges. While Smith has received mental health and domestic violence treatment, this is the third time he is appearing before this court with serious state-court charges of domestic violence. Defendant's criminal history shows that not only is he likely to commit new crimes while on supervised release, but that he poses a danger to the community, including persons with whom he is in a romantic relationship.

The court also has serious concerns about the allegations asserted against Smith and the evidence presented at the hearing held on January 15, 2020, in support of the allegations about defendant's intimidation of his girlfriend via the telephone call from the ACJ. This is the second time Smith has been accused of domestic violence with this same girlfriend; indeed, the court previously found defendant engaged in domestic violence with his girlfriend and revoked his term of supervised release. The court was also presented evidence that after the latest alleged domestic violence incident with his girlfriend, defendant fled from the residence and law

enforcement was required to search for him to effectuate his arrest. In the currently pending motion, Smith asserts that he is not a flight risk because he has lived his whole life in Pittsburgh, is a full-time father, and that he has no history of non-appearance. Smith also asserts that he is not a danger to the community because he has not been convicted of any crimes during his time on supervised release. In light of his prior violations, the testimony at the January 15, 2020 hearing, and his conduct in fleeing from law enforcement, the contents of Smith's motion are not clear and convincing evidence that he does not pose a flight risk or a danger to the community. At a minimum, it is clear that Smith presents a danger to the community, particularly to his girlfriend.

With respect to the second requirement under §3145(c), Smith failed to establish that exceptional reasons warrant his release. Smith argues that the potential spread of COVID-19 at the ACJ, coupled with his underlying health conditions, constitutes an exceptional reason. The Third Circuit Court of Appeals, however, has recently held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Other courts in this district have recently held that the risk of contracting COVID-19 does not necessarily constitute an exceptional reason requiring release, even where an individual has underlying heath conditions such as asthma and high blood pressure. See e.g., United States v. Porter, Crim. No. 18-68, 2020 WL 1984318, at *5 (W.D. Pa. Apr. 27, 2020); United States v. Jones, Crim. No. 19-249, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020); United States v. Harris, Crim. No. 18-152, ECF No. 986, at 4 (W.D. Pa. Mar. 20, 2020).

The court recognizes the potential for Smith's exposure to the COVID-19 virus at the ACJ. Unfortunately, that potential exists anywhere in the community. As explained in detail by the government in its response, the ACJ, along with this court and other local authorities, have taken the necessary steps and precautions to help stop the spread of the COVID-19 virus amongst the population of Allegheny County, including those individuals detained in the ACJ. Additionally, there is no indication that Smith's medical needs are not being addressed at the ACJ. While the court is sympathetic to Smith's medical concerns and claims regarding possible complications caused by the COVID-19 virus, a speculation concerning possible future conditions does not constitute a basis for temporary release when he did not present evidence sufficient to overcome the presumption in favor of his detention pending resolution of the alleged violations of supervised release.

With respect to defense counsel's general concerns about being able to communicate with Smith, the court is confident that ACJ officials will respect the privileged nature of attorney-client telephone calls. As explained by the government in its response, the ACJ has implemented certain measures to protect the confidentiality of communication between attorneys and incarcerated clients. In addition, written correspondence is also a viable method of communication. The court will entertain a motion for continuance with respect to the sentencing hearing, if necessary.

### IV. Conclusion

Based upon the foregoing, given the presumption in favor of Smith's detention, the lack of evidence that he is entitled to relief under § 3143(a)(1), and the inapplicability of § 3145(c), Smith's detention pending resolution of his supervised release violation hearing remains appropriate. The Emergency Motion for Release Pending Resolution of Supervised Release

Violation Hearing in light of the COVID-19 pandemic (ECF No. 2090) will be DENIED.

      An appropriate order follows

Dated: May 27, 2020        /s/ JOY FLOWERS CONTI
                                  Joy Flowers Conti
                                  Senior United States District Judge